# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS FINAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-878 CAS |
| | ) | |
| GOOD EARTH TOOLS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is attorney Kristin Whittle Parke's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. Ms. Whittle Parke asks the Court to amend the Amended Judgment[1] in this case. Ms. Whittle Parke argues the Court made two mistakes in the attorney's fees portion of the Amended Judgment. First, she notes there is a discrepancy between the written and numerical amount of the attorney's fees award. The Court wrote: "plaintiff Thomas Finan is awarded attorney's fees against Seventy-Four Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($174,687.50) . . . ." Amended Judgment at 3. (Doc. 97). Second, Ms. Whittle Parke argues the Court should correct the Amended Judgment to state that "Attorney Kristin Whittle Parke" is awarded attorney's fees, as opposed to "plaintiff Thomas Finan."

Plaintiff Thomas Finan, through new counsel, opposes the motion to the extent Ms. Whittle Parke seeks to change to whom the attorney's fees are awarded. In addition to opposing the motion on its merits, he argues Ms. Whittle Parke, who is purportedly still his attorney, lacks standing to file

---

[1] Judgment was originally entered in the case following the jury's verdict on November 20, 2007. In a Memorandum and Order dated April 21, 2008, the Court awarded plaintiff equitable front pay, prejudgment interest, attorney's fees, and costs. The judgment was amended that same date to reflect these additional amounts.

a Rule 60 motion. Defendants have not filed a response, and the time to do so has passed. For the following reasons the motion will be granted in part and denied in part.

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It is clear the Court made a clerical error when it wrote the attorney's fees amount in the Amended Judgment, and the Court will enter a Second Amended Judgment to correct the mistake.

As for to whom the attorney's fee award was made, it would appear Ms. Whittle Parke's made her Rule 60 motion because a disagreement has arisen between Mr. Finan and herself regarding the interpretation of a fee agreement. In their briefing, both sides attempt to entangle the Court in their fee dispute. However, the fee dispute is an entirely separate and unrelated matter in which the Court will not interject itself. Whatever her motivation for asking the Court to change to whom the attorney's fees are awarded, the Court finds Ms. Whittle Parke's Rule 60 motion is not well-taken in this regard. Setting aside the issue of whether an attorney even has standing to make a Rule 60 motion on his or her own behalf, the Court finds it did not make a clerical mistake or a mistake arising from oversight or omission when it award attorney's fees to plaintiff Thomas Finan, the prevailing party in this suit. Furthermore, Ms. Whittle Parke has provided no support for the notion that judgment in this case should be amended substantively pursuant to Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that Kristin Whittle Parke's Rule 60 Motion for Relief from Judgment is **granted in part, and denied in part.** The motion is granted to the extent the Court will correct the discrepancy in the Amended Judgment between the written and numerical amount of the

2

attorney's fees award.  In all other respects, the motion is denied.

A separate Second Amended Judgment shall accompany this Memorandum and Order

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of January, 2010.