UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS FINAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-878 CAS |
| ) | |
| GOOD EARTH TOOLS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is defendants Good Earth Tool, Inc. and Ballast Tools, Inc.'s "Renewed Motion for an Order Acknowledging Satisfaction of Judgment as Well as for Sanctions." Plaintiff Thomas Finan opposes defendants' motion and filed a "Motion to Enforce Supersedeas Bond Pursuant to F.R.C.P. 65.1." The motions having been fully briefed are now ripe for review.[1]

**Background**

This case has a long an contentious history. On June 6, 2006, plaintiff Thomas Finan filed a complaint against defendants Good Earth Tools, Inc. and Ballast Tools Inc., in which he claimed, among other things, that he was discriminated against on account of his disability in violation of the Americans with Disability Act, 42 U.S.C. §§ 12101, et seq. Following discovery, defendants filed for summary judgment as to all claims against them, which plaintiff opposed. On October 15, 2007, the Court granted defendants' motion for summary judgment, in part. See Doc. 6. The undersigned found plaintiff had failed to exhaust his administrative remedies as to his claim for failure to

---

[1]Plaintiff moved for an extension of time to file a reply memorandum in support of his motion. Defendants opposed the motion on the ground that the underlying motion is baseless. The Court will allow plaintiff leave to file his reply memorandum out of time and will direct the Clerk of Court to detach and docket the proposed reply memorandum, which was attached to plaintiff's motion for leave.

accommodate. The Court, however, found there were outstanding issues of material fact that precluded summary judgment as to plaintiff's claim that he was unlawfully discharged because of his disability. The parties proceeded to trial. Following a five-day trial, the case was submitted to a jury. On November 20, 2007, the jury rendered a verdict in favor of plaintiff in the amount of $410,000.00 for lost wages, and $65,000.00 for emotional distress damages. On November 26, 2007, the Court entered judgment on the verdict in favor of plaintiff in the amount of $475,000.00. See Doc. 69.

Following the entry of judgment, defendants moved for judgment as a matter of law, for new trial and/or to remit damages. Plaintiff moved for equitable relief – for reinstatement or front pay – and for prejudgment interest. Plaintiff also moved for his attorney's fees and costs. All of these motions were fiercely contested. In a Memorandum and Order dated April 21, 2008, the Court denied defendants' motions for judgment as a matter of law, for new trial, and/or to remit damages. The Court granted, in part, and denied, in part, plaintiff's motion for equitable relief and for prejudgment interest. The Court awarded plaintiff $130,659.33 in front pay. The Court also awarded plaintiff $71,616.28 in prejudgment interest for interest accrued through the first quarter of 2008.[2] The Court granted, in part, plaintiff's motion for attorney's fees in the amount of $174,687.50, and motion for costs in the amount of $3,034.40.

A separate Amended Judgment was entered on April 21, 2008. The Amended Judgment

---

[2]It is noteworthy that the Court calculated the prejudgment interest on a quarterly basis using the interest rate for underpayment of taxes used by the Internal Revenue Service in 26 U.S.C. § 6621. See Mennen v. Easter Stores, 951 F. Supp. 838, 867 (N.D. Iowa 1997) (overview of employment discrimination cases applying 26 U.S.C. §6621 for calculation of prejudgment interest). This was the method of calculation plaintiff proposed. Defendants objected to the imposition of prejudgment interest, but they did not object to plaintiff's method of calculation.

2

provided that judgment was entered in favor of plaintiff in the amount of $475,000.00 for lost wages and compensatory damages, $130,659.33 for front pay, $71,616.28 for prejudgment interest, $174,687.50[3] in attorney's fees and $3,034.40 in costs. The aggregate amount of the Amended Judgment was $854,997.51, "together with postjudgment interest as provided by law." See Doc. 97.

On May 21, 2008, defendants filed a Notice of Appeal.[4] On July 7, 2008, defendants filed with this Court a consent motion to approve a supersedeas bond in the amount of $900,000.00. The Court granted the motion, and the supersedeas bond was entered on July 14, 2008.

On May 19, 2009, the Eighth Circuit Court of Appeals, following briefing and oral argument, entered an opinion and judgment in which it affirmed the judgment of this Court. See Docs. 120 and 121. A formal Mandate was issued on June 30, 2009. See Doc. 126. Plaintiff moved for $126,676.00 in attorney's fees, plus costs and postjudgment interest. On July 28, 2009, the Eighth Circuit granted, in part, plaintiff's motion, and awarded him $85,466.92 in fees and costs.

On December 18, 2009, defendants filed in this Court a "Motion for an Order Acknowledging Satisfaction of Judgment as Well as for Sanctions." For the basis of their motion, defendants argued they had satisfied the judgment because on September 4, 2009, they offered to tender to plaintiff $958,680.35, an amount which on November 20, 2009, they wire-transferred into

---

[3] On December 2, 2009, plaintiff moved, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to correct a clerical error in the Amended Judgment. In the Amended Judgment the undersigned wrote: "plaintiff Thomas Finan is awarded attorney's fees against Seventy-Four Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($174,687.50) . . . ." This was a typographical error. Plaintiff's motion was granted as to this issue, and a Second Amended Judgment was entered on January 20, 2010, correcting the error. The fact that the Amended Judgment was amended to correct a typographical error has no impact on the Court's analysis regarding the calculation of postjudgment interest.

[4]Plaintiff also filed an appeal, which he later dismissed.

the client trust count of Kristin Whittle Parke, the attorney who had represented plaintiff during the pendency of the case in this Court and in the Court of Appeals. Ms. Whittle Parke opposed defendants' motion, as did Patrick Keefe, an attorney who was representing plaintiff in a fee dispute that had arisen between plaintiff and Ms. Whittle Parke.[5] Ms. Whittle Parke attached to her response memorandum an accounting of the amount she believed was due under the judgments, which was $46,876.10 more than what was paid. Defendants did not respond to Ms. Whittle Parke's calculations. On February 8, 2010, the Court denied defendants' motion without prejudice noting that defendants had not provided the Court with an accounting of the amount they had paid. The Court also denied defendants' motion for sanctions on the basis that defendants had not established the legal and factual basis for the imposition of sanctions.

Defendants filed a "Renewed Motion for an Order Acknowledging Satisfaction of Judgment as Well as for Sanctions," which is the motion presently before the Court. In their motion, defendants assert they owed plaintiff, as of September 4, 2009, $958,680.35, which represented $854,997.51 from the April 21, 2008 Amended Judgment, plus interest in the amount of $18,215.92, plus $85,466.92 in attorney's fees and costs awarded by the Eighth Circuit. Attached to the motion is a declaration in which defendants provide the basis for their interest calculations. And it was this amount they paid to Ms. Whittle Parke on November 20, 2009, thereby satisfying the judgment.

Plaintiff opposes defendants' renewed motion for order acknowledging satisfaction of judgment and for sanctions. It is now plaintiff's position that amount defendants tendered in supposed satisfaction of the judgment was deficient by $61,274.70. Attached to plaintiff's response

---

[5]As the Court stated in its January 20, 2010 Memorandum and Order, it will not be entangled in fee dispute between plaintiff and Ms. Whittle Parke. The fee dispute is an entirely separate and unrelated matter.

is an affidavit with his accounting. The discrepancy in the amount the parties believe was owed arises from the parties' distinct methods for calculating postjudgment interest. The parties take different positions as to when the postjudgment interest began to accrue, the applicable interest rate(s), and when the postjudgment interest stopped accruing.

**Discussion**

Parties who obtain a money judgment in a civil case in district court are entitled to postjudgment interest. 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.") Under the statute, "such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment." Id. "Interest shall be computed daily to the date of payment . . ., and shall be compounded annually." § 1961(b).

It is plaintiff's position that postjudgment interest on the entire amount of the money awarded in this case should run from the date of the initial judgment on the verdict, at the applicable interest rate from that date. Defendants contend that a final judgment is required to begin the running of postjudgment interest, which did not occur until April 21, 2008, and that the interest rate from that date applies. They also contend that postjudgment interest on the fees and costs awarded by the Eighth Circuit should run from the date the Eighth Circuit entered judgment awarding those fees and costs.

The Supreme Court has instructed that "postjudgment interest properly runs from the date of the entry of judgment", and not from the date of the verdict. Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 838 (1990). The Supreme Court, however, provides little guidance as

to what exactly is an "entry of judgment," within the meaning of § 1961. Morever, there is a split among the circuits as to whether a final judgment under Rule 54 of the Federal Rules of Civil Procedure is required to begin the accrual of postjudgment interest.

In Kaiser Aluminum, the plaintiffs received a jury verdict in their favor and a judgment was entered the next day. 494 U.S. 832. The district court, however, ruled that the damages were not supported by the evidence and a new trial was granted on the issue of damages only. Over two years later, the retrial resulted in large jury verdict, and a judgment was entered two days later. The district court reduced the damages, which was reduced by the court of appeals. In deciding the issue of postjudgment interest, the Supreme Court held that postjudgment interest should be calculated from the date of the second judgment – the judgment following the retrial. Id. at 837. The Court rejected the plaintiff's argument that postjudgment interest should run from the date of the judgment that followed the first jury verdict because the district court determined that the jury's finding on damages was not supported by the evidence, which neither party appealed. "Where the judgment on damages was not supported by the evidence, the damages have not been 'ascertained' in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment." Kaiser, 494 U.S. at 836.

The Sixth Circuit has held that in a situation such as this, when an amended final judgment on damages follows an initial judgment on the verdict, that postjudgment interest runs from the date when the initial judgment was entered memorializing the jury verdict and not from the later date when the court entered a final, appealable judgment disposing of all claims. Skalka v. Fernald Envtl. Restoration Mgmt. Corp., 178 F.3d 414, 427-428 (6th Cir. 1999). The Third and Second Circuits have also held that postjudgment interest can begin to accrue on a non-final judgment, as long as that

judgment awards a fixed amount to the prevailing party. Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 217 (3d Cir. 2004) ("The fact that the December 13, 2001, judgment was not a final order for purposes of appeal would not otherwise prevent postjudgment interest from running under § 1961"); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55 (2d Cir. 1998) ("judgment was ascertained in a meaningful way on [judgment following jury verdict. Plaintiff] is thus entitled to postjudgment interest from that date.").

Other circuits interpret the postjudgment interest statute to require both a quantified monetary amount and a final, appealable judgment. See Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 991 (9th Cir. 2001) ("we hold that 'judgment' within the meaning of 28 U.S.C. § 1961 means 'final, appealable order'"); MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Exp., Inc., 962 F.2d 1470, 1476 (10th Cir. 1992) ("Any available postjudgment interest began to accrue on April 22, 1991, the date the fees were meaningfully ascertained and included in a final, appealable judgment."); Foley v. City of Lowell, Mass., 948 F.2d 10, 17 (1st Cir. 1991) (finding plaintiff was entitled to prejudgment interest from the date of suit "until the date of final judgment below . . ." and to postjudgment thereafter"). See also Moran Foods, Inc. v. Mid-Atlantic Mkt. Dev. Co., LLC, 500 F.Supp.2d 1079, 1082 (N.D.Ind. 2007) (finding "a final, appealable order must be in place before prejudgment interest ceases and postjudgment interest begins.").

While the Eighth Circuit has not explicitly taken up the issue, it appears to take the position that postjudgment interest is calculated pursuant to 28 U.S.C. § 1961 from the date of "the final judgment on damages." U.S. Fidelity and Guar. Co. v. Housing Auth. of the City of Poplar Bluff, 114 F.3d 693, 698 (8th Cir. 1997) ("[plaintiff] shall be awarded postjudgment interest calculated in accordance with 28 U.S.C. § 1961, accruing as of the date of the <u>final judgment on</u>

damages.")(emphasis added). See also Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 2009 WL 1783496, *4 (N.D. Ia. June. 19, 2009)( finding, under Supreme Court and Eighth Circuit law that postjudgment interest should run from the date of the final judgment on damages, not the judgment on the verdict).

In this case, assessing postjudgment interest from the date of the final judgment on April 21, 2008, would be consistent with the positions the parties have taken throughout this litigation, that is until defendants filed their first motion for the satisfaction of judgment. In his post-trial motion for equitable relief, plaintiff requested prejudgment interest for a period after the date of the initial judgment, which the Court granted. In the April 21, 2008 Amended Judgment, the Court calculated prejudgment interest through the date of the Amended Judgment. And his motion for attorney's fee before the Eighth Circuit, plaintiff requested that the Court of Appeals "award to him postjudgment interest from 4/21/08 through 5/19/09 at the rate of $39.12 per diem ($854,997.51 X 1.67% divided by 365 days per year) until the judgment is satisfied." See Appellee Tom Finan's Motion for Attorney's Fees and Costs, at 3 ¶ 10. After examining Supreme Court law and cases from the Eighth Circuit, as well as those from other circuits, the Court finds plaintiff is entitled to postjudgment interest on his money damages beginning on April 21, 2008, the date of the final judgment in this Court.

As for postjudgment interest on attorney's fees, it is clear from Eighth Circuit law that plaintiff is entitled to postjudgment interest on his attorney's fees awards. R.W.T. v. Dalton, 712 F.2d 1225, 1234 (8th Cir. 1983) (postjudgment interest on attorneys' fees was mandatary under section § 1961). Postjudgment interest on attorney's fees "will accrue from 'the date the court recognized the right to such fees in a judgment.'" Agyei v. State of Mo., 931 F.2d 1273, 1277 (8th

8

Cir. 1991) (citing to Copper Liquor , Inc. v. Adolph Coors, Co., 701 F.2d 542 (5th Cir. 1983)). In this case, the undersigned recognized that plaintiff was entitled to attorney's fees in a judgment dated April 21, 2008. The Court of Appeals recognized plaintiff was entitled to attorney's fees in a judgment dated July 28, 2009.

Applying the aforementioned principles to the case at hand, the Court finds that on November 20, 2009, the day defendants "paid" what they believed was the amount of the judgment, plaintiff was actually entitled to $963,340.96, which consists of: $854,997.51 (the April 21, 2008 judgment), plus $22,749.97 (postjudgment interest on $854,997.51 calculated at a rate of 1.67% compounded annually from April 21, 2008, through November 20, 2009), plus $85,466.92 (the July 28, 2009 judgment from the Eighth Circuit for attorney's fees and costs), plus $126.56 (postjudgment interest on $85,466.92 calculated at a rate of 0.47% compounded annually from July 28, 2009, through November 20, 2009). Defendants only paid plaintiff $958,680.35. Therefore, there was a shortfall of $4,660.61. Proportionally applying the applicable postjudgment interest rates to this amount, the amount due and owing on the judgments has now grown to $4,745.17, as of the date of this order.[6] The Court finds defendants have not satisfied the judgment in this case, and their renewed motion for satisfaction of judgment and for sanctions is denied. The Court will also deny, without prejudice, plaintiff's motion to enforce the supersedeas bond.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Thomas Finan's motion for leave to file a reply

---

[6] The outstanding balance continues to accrue postjudgment interest, but the balance is accruing interest at different interest rates. The Court has calculated that 91.11% of the outstanding balance is accruing interest at a rate of 1.67% compounded annually, and 8.89% of the outstanding balance is accruing interest at a rate of 0.47% compounded annually. Using a compound interest calculator, the interest continues to accrue at approximately twenty cents (20¢) per day.

9

memorandum in support of his Motion to Enforce Supersedeas Bond is **GRANTED.** The Clerk of Court shall detach and docket plaintiff's reply memorandum, which is attached to his motion for leave. [Doc. 153]

**IT IS FURTHER ORDERED** defendants Good Earth Tools, Inc. and Ballast Tools, Inc.'s Renewed Motion for an Order Acknowledging Satisfaction of Judgment as Well as for Sanctions is **DENIED.** [Doc. 144]

**IT IS FURTHER ORDERED** that plaintiff Thomas Finan's Motion to Enforce Supersedeas Bond Pursuant to F.R.C.P. 65.1. is **DENIED without prejudice.** [Doc. 151]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of January, 2011.