# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS FINAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-878 CAS |
| | ) | |
| GOOD EARTH TOOLS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendants' renewed motion for an order acknowledging satisfaction of judgment and for sanctions. Attorney Patrick Keefe, who has represented plaintiff since a fee dispute arose between plaintiff and attorney Kristin Whittle Parke, opposes the motion.[1]

On or about November 20, 2009, defendants attempted to pay what they believed was the total amount of the judgment in this case by wire transferring $958,680.35 into Ms. Whittle Parke's client trust account. Defendants then moved for an order acknowledging satisfaction of judgment and for sanctions, which plaintiff and his two counsel opposed.[2] In a Memorandum and Order dated January 18, 2011, the undersigned denied defendants' motion for satisfaction of judgment because the Court found defendants were $4,745.17 deficient when they wire transferred what they thought was the total amount of the judgment. Plaintiff appealed this Memorandum and Order, which he later dismissed over the objection of Ms. Whittle Parke.

---

[1]Attorney Patrick Keefe did not enter an appearance in this Court until December 8, 2009.

[2]The crux of that dispute involved the calculation of post judgment interest, not whether defendants had wire transferred money to an attorney who did not have authority to accept funds on plaintiff's behalf.

According to the briefs and exhibits supporting and opposing the motion presently before the Court, defendants attempted to tender a check to plaintiff's counsel for the deficient amount in exchange for a satisfaction of judgment, but Mr. Keefe and Ms. Whittle Parke have refused. Plaintiff now argues that defendants are not entitled to a satisfaction of judgment because they wired $958,680.35 into the client trust account of Ms. Whittle Parke, who did not have authority at the time to accept the funds on behalf of plaintiff.

As this Court is well aware, a fee dispute has arisen between Mr. Finan and Ms. Whittle Parke, which resulted in a lawsuit being filed against Ms. Whittle Parke in the Circuit Court for St. Louis County. Just like defendants, the Court does not wish to be dragged into the fee dispute between Mr. Finan and Ms. Whittle Parke, and it would like to see this case laid to rest once and for all. That said, while the Court is not unsympathetic to defendants' dilemma, defendants have not provided the Court with the authority to enter a satisfaction of judgment. It would seem that the entire amount of the judgment has not been paid, as at least $4,745.17 of the judgment is still outstanding.[3] Also, defendants did not cite to any legal authority in response to plaintiff's claim that a satisfaction of judgment is not warranted because defendants paid the substantial portion of the judgment into the client trust account of an attorney who purportedly did not have authority to accept the funds. Without having been provided with the legal authority in defendants' motion and memoranda, the Court will deny without prejudice defendants' motion for an order acknowledging satisfaction of judgment. Furthermore, defendants also have not established the legal and factual basis for the imposition of sanctions.

---

[3]The Court might suggest that if indeed plaintiff and his attorneys remain uncooperative, a state interpleader might be warranted.

Accordingly,

**IT IS HEREBY ORDERED** defendants' motion for an order acknowledging satisfaction of judgment and for sanctions is **DENIED** without prejudice. [Doc. 164]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of April, 2011.